**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAQ BEY, | No.    20-16177 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02626-SI |
| v. | |
| DINO CRISTIANI; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CITY OF EMERYVILLE, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Raq Bey appeals pro se from the district court's summary judgment in his 42

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Bey's request for oral argument, as set forth in the opening and reply briefs, is denied.

U.S.C. § 1983 action alleging an excessive force and other claims arising from a traffic stop and arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Bey's excessive force claim because Bey failed to raise a genuine dispute of material fact as to whether defendants' actions in removing Bey from the vehicle and the subsequent arrest were objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (the question in an excessive force claim in the context of an arrest "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them").

The district court did not abuse its discretion by denying Bey's motion to alter the judgment because Bey failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration).

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-16177